**In the Matter of the Application for the DISCIPLINE OF Chester C. GRAHAM, an Attorney at Law of the State of Minnesota.**

No. C4–86–1715.

Supreme Court of Minnesota.

Oct. 22, 1986.

### ORDER

The Director of the Lawyers Professional Responsibility filed a petition with this court claiming that the respondent had committed unprofessional conduct warranting public discipline. Subsequently, the Director and the respondent entered into a stipulation whereby the respondent waived his rights under the Rules of Lawyers Professional Responsibility to have a hearing before a panel of the Lawyers Professional Responsibility Board. Thereafter, by stipulation dated October 8, 1986, the respondent and the Director recommended that this court impose the stipulated discipline. In the stipulation for discipline, the respondent admitted that he had neglected a real estate matter by failing to communicate with interested parties and by not promptly handling it; that he had written a letter to the interested parties in the real estate matter stating he had sent their deed to the County Recorder for recording which statement was false; and that the respondent had failed to cooperate with the investigation of this matter by the District Ethics Committee and by the Office of Lawyers Professional Responsibility by not replying to five different requests. Respondent admitted that the foregoing conduct violated Rules 1.3, 1.4, 1.15(b)(3) and (4), 4.1, 8.1(a)(3), and 8.4(c), Minnesota Rules of Professional Conduct (MRPC), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

The court having examined the petition herein, both stipulations, and having considered the admission of the respondent, hereby orders:

1. The respondent is hereby publicly reprimanded and placed on supervised probation for a period of two years.

2. The terms of the aforesaid supervised probation shall be:

(a) Respondent shall abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of the stipulation.

(b) Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. Should respondent fail to nominate a supervisor acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to the Director as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

(c) Respondent shall at all times cooperate fully with the supervisor and with the Director's office in their efforts to monitor compliance with this probation and in any investigations of further unprofessional conduct which may arise during the probationary period.

(d) Respondent agrees to meet with and to report to the supervisor at least quarterly concerning the status of all matters then being handled by respondent and concerning compliance with the terms and conditions of the probation.

(e) Respondent shall immediately initiate and maintain office procedures which insure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent. is handling, and which will insure that the respondent regu-

larly reviews each file and completes all legal matters entrusted to him on a timely basis.

(f) Respondent shall consult with a psychologist or other qualified professional regarding procrastination and shall provide such authorization as may be necessary to allow the supervisor and the Director to verify respondent's compliance with this provision. The initial consultation shall be no later than one month from the date of this order. Respondent shall at all times discuss with the supervisor the information respondent may have learned as a result of any consultations.

(g) At least one day before the meetings respondent has with his supervisor, and at least quarterly, respondent shall prepare for the supervisor a log showing the name of each of his clients, the date upon which each file was opened, a brief description of the subject matter of the file and the status of the file.

(h) Respondent shall respond to any future communications from the Office of Lawyers Professional Responsibility or a district ethics committee within five working days of his receipt of the communication or, if necessary, shall request an extension of time within this five-day period.

3. At any time during the probationary period, if the Director concludes the respondent has failed to comply with the terms and conditions of the probation, after having given respondent an opportunity to be heard, the Director may file a petition for disciplinary action against respondent in this court without the necessity of any panel proceedings. Such petition may include the unprofessional conduct cited in the admitted charges and any additional matters which may arise.